UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

TURN ON PRODUCTS, INC.,

Plaintiff,

-against-

FULL CIRCLE TRENDS, INC.

Defendant.

-----------------------------------------------------------------x

Civil Action No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Turn On Products, Inc., through its attorneys, complains of defendant, Full Circle Trends, Inc. ("Full Circle Trends"), as follows:

JURISDICTION AND PARTIES

1. This action arises under the Copyright Laws of the United States, 17 U.S.C. § 101, et seq. and, particularly, under 17 U.S.C. § 106 and § 501, and is to redress the infringements of copyrights. This Court has jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. § 1338.

2. Venue properly lies in this Judicial District pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b). Process properly issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3. The Plaintiff is a New York corporation with offices and a principal place of business at 48 West 37th Street, 5th Floor, NY, NY 10018.

4. The Defendant, Full Circle Trends, is upon information and belief, a New York corporation, with offices at 1384 Broadway, Suite 1101, New York, New York 10018.

5. Full Circle Trends, upon information and belief, is a manufacturer and/or distributor of apparel and has offered for sale and sold in the United States and within this district, garments which infringe Plaintiff's copyright as set forth hereinafter.

6. Full Circle Trends, upon information and belief, transacts business within this district, derives substantial revenue from intrastate and interstate commerce and has committed tortious acts within this district and also without this district having injurious consequences within this district, and Full Circle Trends is otherwise within the jurisdiction of this Court.

CLAIM I - COPYRIGHT INFRINGEMENT

7. Plaintiff repeats the foregoing allegations as though fully set forth herein.

8. In 2017, Plaintiff created an original design which it designated "PRT11-259-23 Rose Print". A copy of Pattern No. PRT11-259-23 Rose Print is annexed hereto as Exhibit "1".

9. Pursuant to such sole and exclusive rights, Plaintiff has promoted and offered for sale, and sold, apparel with Pattern No. PRT11-259-23 Rose Print.

10. The said work of art is wholly original and is copyrightable subject matter under the laws of the United States.

11. Plaintiff has duly complied in all respects with the provisions of the Copyright Law of the United States, and has secured the exclusive rights and privileges in and to the said design, and Plaintiff duly requested and has received from the Register of Copyrights a

Certificate of Registration, VAu 1-291-909. A copy of the Copyright Registration is annexed hereto as Exhibit "2".

12. At all relevant times, Plaintiff has been, and is now, the sole proprietor of all rights, title, and interest in the copyright and is the sole owner of the right to exploit the copyright of the exclusive design Pattern No. PRT11-259-23 Rose Print.

13. Upon information and belief, Plaintiff's former employee, Loren Kozuch, is currently employed by Full Circle Trends. While working for Plaintiff, Ms. Kozuch had access to Plaintiff's confidential information concerning many aspects of Plaintiff's business, including, but not limited to, the creation of fabrics and garments, as well as marketing and distribution plans.

14. Upon information and belief, at some time presently unknown, after Pattern No. PRT11-259-23 Rose Print was first published, defendant intentionally infringed Plaintiff's copyright by causing to be manufactured, offering for sale, and selling, without Plaintiff' consent, apparel made with a design which is copied from and substantially similar to Plaintiff's copyrighted work of art, Pattern No. PRT11-259-23 Rose Print. A photograph of one such infringing dress is attached hereto as Exhibit "3".

15. Full Circle Trends' design is clearly copied from Plaintiff's design.

16. Full Circle Trends' design is substantially similar to the Plaintiff's design.

17. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment:

(a) That defendant, its officers, agents, servants, employees, attorneys and all parties in active concert or participation with it be enjoined from infringing Plaintiff's copyrighted design, including, but not limited to, manufacturing, vending, printing, distributing, selling, displaying, promoting, or advertising fabric or garments and/or other products incorporating a design copied from and substantially similar to the copyrighted Pattern No. PRT11-259-23 Rose Print, or by causing and/or participating in manufacturing, printing, vending, distributing, offering for sale, selling, displaying, promoting, or advertising by others pursuant to 17 U.S.C. § 502.

(b) That defendant be required to deliver up for destruction all infringing copies of Plaintiff's copyrighted design in their possession or under their control, whether in the form of fabric or apparel, or other products incorporating the infringing design, and to withdraw all advertising or promotional material bearing a copy of such copyrighted design, and print rollers, screens matrices, and the like utilized in the manufacture of infringing textiles pursuant to 17 U.S.C. § 503.

(c) That defendant be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of its infringement of Plaintiff's copyrighted design, and to account for all gains, profits, and advantages derived by it from their infringement, including profits on all sales of fabrics, garments and goods embodying any copy of the copyrighted designs, pursuant to 17 U. S.C. § 504.

(d) That defendant be required to pay Plaintiff statutory damages pursuant to 17 U. S.C. § 504.

   (e) That defendant be required to pay to Plaintiff the costs of this action, including attorney fees, pursuant to 17 U. S.C. § 505.

(f) That Plaintiff have such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
June 14 2019

Respectfully submitted,
SILLS CUMMIS & GROSS P.C.
Attorneys for Plaintiff

By: ______________________
Kenneth R. Schachter
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000

6295178 v1

**DEMAND FOR JURY TRIAL**

Turn On Products, Inc. hereby demands a trial by jury.

Respectfully submitted,
SILLS CUMMIS & GROSS P.C.
Attorneys for Plaintiff

By: ______________________
Kenneth R. Schachter