UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TURN ON PRODUCTS, INC.,

                Plaintiff,

                -against-

FULL CIRCLE TRENDS, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

19cv5594

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Plaintiff Turn On Products, Inc. brings this copyright infringement action against Defendant Full Circle Trends, Inc. for alleged copying of a rose-patterned dress design. Defendant moves for summary judgment on the ground that the designs are not substantially similar. This Court agrees and Defendant's motion for summary judgment is granted.

## BACKGROUND

        Both Plaintiff and Defendant are in the women's apparel business. (See Def.'s Statement of Undisputed Facts Pursuant to Rule 56.1, ECF No. 30, at ¶¶ 1–2.) On October 4, 2017, Plaintiff copyrighted its rose print design. (Decl. of Robbie Regina, ECF No. 27, at ¶ 4.) There is no dispute over the validity of the copyright.

## DISCUSSION

I.    Summary Judgment

        Summary judgment is proper only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Baez v. JetBlue Airways Corp., 793 F.3d

269, 274 (2d Cir. 2015) (quotation marks omitted).  This Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists . . . ."  Rodriguez v. City of New York, 72 F.3d 1051, 1060–61 (2d Cir. 1995).  If the moving party meets its burden, "the adverse party must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 249 (quotation marks omitted); Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "mere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation and alterations omitted).  "In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party."  Flanigan v. Gen. Elec. Co., 242 F.3d 78, 83 (2d Cir. 2001).

II.     Copyright Claim

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  "Copying may be established circumstantially by showing that the defendant had access to the copyrighted work and that the two works are substantially similar."  Eden Toys, Inc. v. Marshall Field & Co., 675 F.2d 498, 500 (2d Cir. 1982);  see also Laureyssens v. Idea Grp., Inc., 964 F.2d 131, 139 (2d

Cir. 1992) ("[A] plaintiff must first show that his work was actually copied by proving access and substantial similarity between the works." (quotation marks omitted)), as amended (June 24, 1992). Defendant does not challenge access to the Plaintiff's design on this motion. Rather, the motion focuses on the question of whether the works are substantially similar.

III. Substantial Similarity

"In general, the question of substantial similarity is a close question of fact; therefore, summary judgment has traditionally been frowned upon in copyright litigation." Crane v. Poetic Prod. Ltd., 593 F.Supp.2d 585, 591 (S.D.N.Y. 2009) (quotation marks omitted). Yet, "[i]f the similarity concerns only noncopyrightable elements of plaintiff['s] work, or no reasonable trier of fact could find the works substantially similar, summary judgment is appropriate." Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996) (quotation marks omitted) (alteration in original). Moreover, deciding summary judgment at an early stage in copyright cases is appropriate, because "no discovery or fact-finding is typically necessary," Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010), and "what is required is only a visual comparison of the works," Folio Impressions, Inc. v. Byer California, 937 F.2d 759, 766 (2d Cir. 1991)).

The test for substantial similarity is whether "an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." Peter F. Gaito, 602 F.3d at 66 (quotation marks omitted) (alteration in original). But courts must not "dissect the works at issue into separate components and compare only the copyrightable elements." Boisson v. Banian, Ltd, 273 F.3d 262, 272 (2d Cir. 2001). Instead, courts should "examine the works for their total concept and feel." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001) (quotation marks omitted).

3

Importantly, for works "that have both protectible and unprotectible elements, our analysis must be more discerning . . . and ask whether the protectible elements, standing alone, are substantially similar." Peter F. Gaito, 602 F.3d at 66 (quotation marks omitted). General ideas are not protectable. See, e.g., Estate of Smith v. Cash Money Records, Inc., 253 F. Supp. 3d 737, 747 (S.D.N.Y. 2017) ("Cliché language is not subject to copyright protection."). Unprotectible elements of an image must be excluded from consideration and the court "must decide whether the similarities shared by the works are something more than mere generalized ideas or themes." Warner Bros. Inc. v. Am. Broad. Companies, Inc., 654 F.2d 204, 208 (2d Cir. 1981). However, courts must be careful not to dissect the works to such a degree that only copyrightable elements are compared. Such an analysis "would be to take the 'more discerning' test to an extreme, which would result in almost nothing being copyrightable because original works broken down into their composite parts would usually be little more than basic unprotectible elements like letters, colors and symbols." Boisson, 273 F.3d at 272.

The idea of a rose pattern—and indeed, a dress depicting roses—is an unprotectible element. As the Second Circuit has noted, because of "the rose's very nature[,] one artist's rendering of it will closely resemble another artist's work." Folio Impressions, 937 F.2d at 766; see also Gertrude Stein, Sacred Emily (1913) ("Rose is a rose is a rose is a rose."). Thus, in comparing these two works, the court must look beyond the mere inclusion of roses—an unprotectable element—and instead look to the total look and feel of the work.

IV. Comparison of the Works

Both parties submitted photographs of their works in support of their arguments. (Compare ECF No. 27-3 (Plaintiff's dress), with ECF No. 27-5 (Defendant's dress).) Additionally, the parties brought samples to oral argument to aid this Court. (See ECF No. 31.)

4

After visually inspecting the parties' designs, this Court concludes that no jury could find that the works are substantially similar. Most notably, the samples that counsel brought to court revealed far more negative space between the flower bunches in Plaintiff's design. That negative space significantly alters the overall look and feel of the two works. Plaintiff's dress includes daisies interspersed among the roses while Defendant's design does not. Plaintiff's roses contain more contrast between the shadowed portions of the roses than Defendant's. Defendant's design contains numerous smaller bunches of roses between the larger roses, while Plaintiff's design only has larger flowers. The leaves surrounding the rose bunches in each design differ. Defendant's design contains leaves within the bunches while Plaintiff's design only contains leaves surrounding the bunches. Defendant's larger leaves also contain far more texture than Plaintiff's.

The primary similarity between these two works is the fact that they include rose bunches over negative space. But the mere inclusion of roses is not protectable. See Folio Impressions, 937 F.2d at 766. The differences coalesce into a distinct "total concept and feel" for each work. Yurman, 262 F.3d at 111 (quotation marks omitted). Accordingly, "no reasonable trier of fact could find the works substantially similar, [and] summary judgment is appropriate." Williams, 84 F.3d at 587 (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. The Clerk of Court is directed to terminate the motion pending at ECF No. 23 and mark this case as closed.

Dated: March 17, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.